IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CLARA CABALLERO OROZCO, § § Petitioner, § § v. § § PAMELA BONDI et al., § § Respondents. § | § § § § § CAUSE NO. EP-26-CV-170-KC § § § § |

### ORDER

On this day, the Court considered the case. On February 4, 2026, the Court granted in part Caballero Orozco's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide her with a bond hearing before an immigration judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, her continued detention; or (2) release her from custody, under reasonable conditions of supervision, by no later than February 11, 2026. Feb. 4, 2026, Order 2–3, ECF No. 4.

On February 11, Respondents informed the Court that at the bond hearing, the IJ "took no action" and that Caballero Orozco "remains in ICE detention." Status Report, ECF No. 5. Caballero Orozco then filed her own Status Report, ECF No. 6, stating that the IJ "took no action" because he "declined to exercise bond jurisdiction" due to the intervening Fifth Circuit decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). It appears that no evidence or argument was heard on Caballero Orozco's flight risk or dangerousness. *See* generally Status Report Ex. A ("IJ Order"), ECF No. 5-1. Thus, Caballero Orozco argues that Respondents have not complied with the Court's Order because they neither

provided her with a bond hearing nor released her from custody, warranting her immediate release.  Resp. Status Report 1.

The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Caballero Orozco's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  Therefore, *Buenrostro-Mendez* requires denial of the Petition in part as to Caballero Orozco's statutory claim.  However, this Court granted Caballero Orozco's Petition in part "on procedural due process grounds."  Feb. 4, 2026, Order 2.

The *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1–10.  And the case was remanded to the district court, not for dismissal, but "for further proceedings consistent with this opinion."  *Id.* at *10.  Presumably, those further proceedings will entail consideration of Buenrostro-Mendez's due process claim, which the district court declined to reach in the first instance.[1]  *Buenrostro-Mendez v. Bondi*, No. 25-cv-3726, 2025 WL 2886346, at *3 n.4 (S.D. Tex. Oct. 7, 2025).  Indeed, the Government's counsel stated it bluntly during oral argument:  "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here."  Oral Argument, *Buenrostro-Mendez v. Bondi*¸ No. 25-20496, at 44:56–45:11 (5th Cir. Feb. 3, 2026), *available at* https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

As this Court has previously stated, "*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional

---

[1] *Buenrostro-Mendez* was consolidated with another case on appeal.  *Buenrostro-Mendez*, 2026 WL 323330, at *3.  In that case, too, the district court declined to reach the due process claim, granting the petition solely on statutory grounds.  *Covarrubias v. Vergara*, No. 25-cv-112, 2025 WL 2950097, at *5 n.3 (S.D. Tex. Oct. 8, 2025).

2

right to procedural due process." *Marceau v. Noem*, No. 3:26-cv-237-KC, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026). At least one other district court in the Fifth Circuit has held the same, granting an immigration detainee's habeas claim days after the decision in *Buenrostro-Mendez*. *See* Order, *Hassen v. Noem*, No. 3:26-cv-48-DB, at *4 n.1 (W.D. Tex. Feb. 9, 2026), ECF No. 8 ("*Buenrostro-Mendez* does not change this case's outcome on procedural due process grounds."). Moreover, this Court's many immigration habeas decisions finding due process violations have been solely based on the *Mathews v. Edlridge* test and principles of procedural due process. *See, e.g.*, *Martinez*, 2025 WL 2965859, at *3–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025). Thus, *Buenrostro-Mendez* does not preclude Caballero Orozco's procedural due process claim or undermine this Court's prior Order granting her Petition on that claim.

Respondents have been afforded "a final opportunity" to provide Caballero Orozco with "the process to which [she] is entitled under the Constitution." *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *5 n.1 (W.D. Tex. Nov. 10, 2025). They did not do so. *See* Status Report; *see also* Resp. Status Report. Thus, Respondents were required to release Caballero Orozco from custody no later than February 11, 2026. They did not do that either and are therefore in violation of the Court's Order. Given the intervening decision from the Fifth Circuit, the Court declines to hold Respondents in contempt or levy sanctions at this time.

Accordingly, the Court **ORDERS** that Respondents shall **RELEASE** Caballero Orozco from custody, under reasonable conditions of supervision, **immediately, and in no event any later than February 17, 2026**.

**IT IS FURTHER ORDERED** that, <u>**on or before February 17, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Caballero Orozco has been released from custody.

<u>**There will be no extensions of the February 17, 2026, deadlines**</u>.

**SO ORDERED**.

**SIGNED** this 13th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE